**SANDS, TAYLOR & WOOD,**
Plaintiff–Appellee,

v.

**The QUAKER OATS COMPANY,**
Defendant–Appellant.

No. 93–2687.

United States Court of Appeals,
Seventh Circuit.

Jan. 9, 1995.

James A. Klenk (argued), Samuel Fifer, Carol A. Been, Sally L. Davis, Sonnenschein, Nath & Rosenthal, Edward M. Keating, Alfred H. Plyer, Jr., Kinzer, Plyer, Dorn, McEachran & Jambor, Chicago, IL, Geoffrey J. Vitt, Diane R. Bech, Brooks, McNally, Whittington, Platt & Vitt, Norwich, VT, for plaintiff-appellee.

William E. Wallace, III (argued), Howrey & Simon, Washington, DC, William T. Cahill, Thomas P. Cimino, Jr., Phelan, Pope, Cahill & Devine, Robert G. Krupka, Kirkland & Ellis, Chicago, IL, for defendant-appellant.

Before FAIRCHILD, CUDAHY, and RIPPLE, Circuit Judges.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

PER CURIAM.

Prior Report: 34 F.3d 1340.

This case is before the court on the petition for rehearing of the Quaker Oats Company. One matter raised by the petition requires comment.

Quaker Oats submits that footnote 4 of this court's opinion is in error because it recites that "STW had the exclusive right to use the Thirst–Aid mark (in the circumstances of this case)." Quaker further suggests that this error "goes to the heart" of the court's decision to affirm the baseline royalty calculated by the district court. We agree that the language in question, especially when read in isolation, is susceptible to the interpretation given it by Quaker. The court was aware, however, of the history of the mark, including its ownership by Karp from 1981 until just before the litigation in 1984. During that period, the language of the agreement gave Sands the right to use the mark on certain retail products, not including isotonic beverages. This arrangement had been the subject of extensive analysis and commentary by the district court in its initial opinion and by this court in its earlier review of the case. Indeed, in the present appeal, we had incorporated by reference the discussion in our first opinion.

In order to ensure that, at worst, the footnote in question represents a slip of the pen and not of the mind, we have retraced our analysis. We believe that, contrary to the submission of Quaker in its brief on the merits, the district court's opinion cannot be read fairly as evidencing a lack of awareness of the relative ownership rights of Karp and Sands when it determined the amount of reasonable royalty. Although Quaker may disagree with the district court on the significance of this factor in determining a reasonable royalty, our own examination of the record convinces us that the district court's determination is supported by the record.

Accordingly, we substitute this explanation for that recited in footnote 4 of the opinion. In all other respects, the petition for rehearing is denied.*

No judge ** in active service has requested a vote on the suggestion for rehearing en banc.

---

* Judge Cudahy agrees with the points made in the per curiam opinion, but, consistent with his dissent from the main opinion, would grant rehearing.

** The Honorable Walter J. Cummings did not participate in consideration of this petition.